UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN JOHN HUIRAS,

        Plaintiff,

  v.                                          Case No. 22-cv-1109-pp

KRISTIN CAFFERTY, JESSICA ANNE GRUNDBERG,
NICOLE HUIRAS and RACINE COUNTY,

        Defendants.

---

## ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR CONTEMPT AND MOTION FOR HEARING (DIKT. NO. 49)

---

On September 23, 2022, the plaintiff filed a complaint under 42 U.S.C. §1983 and various other federal statutes alleging that his wife, her lawyer, a Racine County circuit court judge and Racine County violated his constitutional rights during divorce and child custody proceedings.[1] Dkt. No. 1. Among other things, the plaintiff alleged that the circuit court had held him in contempt of court. Id. at ¶18. The plaintiff sought to enjoin the defendants from "further bad faith and meritless and misrepresenting claims and convictions of the plaintiff." Id. at 8. Over a year ago, the court dismissed the case for lack of subject-matter jurisdiction. Dkt. No. 42. The court explained that it must

---

[1] This was the second case the plaintiff had filed about the underlying divorce and child custody proceedings. Huiras v. Cafferty et al., Case No. 22-cv-575 (E.D. Wis.). The court dismissed the first case under Younger v. Harris, 401 U.S. 37 (1971) and J.B. v. Woodard, 997 F.3d 714 (7th Cir. 2021), and the Seventh Circuit affirmed. Huiras v. Cafferty, Case No. 22-3081, 2023 WL 4842323, *1 (7th Cir. July 28, 2023).

1

abstain from interfering in the on-going state court divorce proceedings. Id. at 13. In an abundance of caution, the court cited other grounds as to each of the defendants for dismissing the case. Id. at 14-22.

Within days of the court entering judgment, the plaintiff filed a notice of appeal. Dkt. No. 44. While the appeal was pending, the plaintiff filed a motion for contempt and motion for a hearing with this district court. Dkt. No. 49. The plaintiff explained that the circuit court judge had sanctioned him again in the divorce proceedings—this time for filing the federal case. Dkt. No. 50.

The plaintiff filed the notice of appeal on February 28, 2023, dkt. no. 44; he filed the motion for contempt and motion for a hearing two and a half months later, on May 10, 2023, dkt. no. 49. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (citations omitted). When the plaintiff filed a notice of appeal on February 28, 2023, jurisdiction transferred to the Seventh Circuit; this court was divested of jurisdiction, so it had no jurisdiction to act on the plaintiff's May 10, 2023 motion for contempt. While the case was on appeal, the plaintiff twice wrote to the court regarding a recent arrest and his conditions of incarceration. Dkt. Nos. 56, 57. Because the appeal remained pending, this court had no jurisdiction to act on the content of those letters.

On November 7, 2023, the Seventh Circuit Court of Appeals affirmed this court's judgment dismissing the case. Huiras v. Cafferty, No. 23-1385, 2023

WL 6566492, *3 (7th Cir. Oct. 10, 2023). The Seventh Circuit agreed that the plaintiff had failed to state a claim against the named defendants regarding the contempt order. Id. at *2. The Seventh Circuit also held that the plaintiff lacked Article III standing and that the domestic-relations exception precluded the exercise of federal jurisdiction. Id. at *2, 3. The Seventh Circuit clarified that this court's dismissal on jurisdictional grounds meant that the dismissal was without prejudice as to those claims. Id. at *3.

The case is closed. The plaintiff has not asked the court to reopen the case and the court sees no legal basis for granting such a request even if the plaintiff had made it. The Seventh Circuit made clear that the dismissal was without prejudice, which means that the plaintiff can file a new case if and when he is able to address the deficiencies identified in the Seventh Circuit's decision. Before doing so, the plaintiff should be aware that filing a new case will require him to pay another filing fee, and that all the district courts—not just the undersigned judge—are bound by the Seventh Circuit's rulings. This court previously explained why the plaintiff cannot sue a judge for judicial conduct. Dkt. No. 84 at 20 (citing Schneider v. Cty. of Will, 366 F. App'x 683, 684 (7th Cir. 2010)). The court also explained that private individuals cannot be sued under §1983 unless they are state actors. Id. at 22. Finally, the court explained that Racine County is not a person amenable to suit under §1983 and that the plaintiff failed to show a policy, practice or custom that caused an alleged constitutional violation. Id. at 21.

Because the plaintiff's case has been dismissed and that dismissal was affirmed on appeal, the court **DENIES AS MOOT** plaintiff's motion for contempt and motion for hearing. Dkt. No. 49.

Dated in Milwaukee, Wisconsin this 1st day of February, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**